**UNITED STATES of America,**
**Plaintiff,**

v.

**August S. PALMISANO,**
**Defendant.**

**No. 74–Cr–180.**

United States District Court,
E. D. Wisconsin.

Dec. 12, 1974.

William J. Mulligan, U. S. Atty. by D. Jeffrey Hirschberg, Milwaukee, Wis., for plaintiff.

Charles J. Hausmann, of Silverstein, Hausmann & McNally, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Pursuant to Rule 41, Federal Rules of Criminal Procedure, the defendant has moved to suppress evidence seized at Richie's Tavern, 346 North Broadway, Milwaukee, Wisconsin, and from the person of the defendant. I conclude the motion should be denied.

In another decision filed today in a related case, United States v. Halmo, 74–Cr–101, I disposed of each of the contentions raised by the defendant with respect to the search of his person. Furthermore, in the *Halmo* case, I determined that there was probable cause in the Hunt affidavit to support the search of Richie's Tavern, and that the information in the Hunt affidavit was not unlawfully secured.

Two issues are presented by the defendant's motion: (1) whether the FBI agents conducting the search of Richie's Tavern had a lawful right to search the basement of that establishment pursuant to the search warrant issued on January 11, 1974, by the magistrate; and (2) whether the FBI agents had lawful authority to seize a cardboard box containing dynamite.

The parties have filed a stipulation as to the relevant facts, and it is undisputed that the basement area was a part of the premises known as Richie's Tavern. Consequently, I am called upon to decide whether the face of the search warrant was designed to limit the scope of the search to the front and back rooms of Richie's. The face of the January 11, 1974, warrant authorized a search of

"The premises known as 346 North Broadway, Milwaukee, Wisconsin, this being a single story brick structure, housing a front tavern area which contains a bar, pool table, and related equipment, and a back room immediately adjacent to the tavern area."

In my opinion a fair reading of this warrant indicates that a search of the entire premises at 346 North Broadway was authorized and was not to be limited to the front and back rooms; specific reference to those areas in the search warrant and in the Hunt affidavit was for the purpose of more fully identifying the premises and was not intended

**600**

to reduce the area to be searched. Cf. United States v. Wright, 468 F.2d 1184, 1186 (6th Cir. 1972), cert. denied, 412 U.S. 938, 93 S.Ct. 2771, 37 L.Ed.2d 397 (1973).

In my opinion, under the warrant, the FBI agents were permitted to search the basement area. I believe that the Hunt affidavit was directed toward the entire premises of Richie's Tavern and demonstrated adequate probable cause to believe that illegal gambling materials could be found in all parts of those "premises".

The seizure of the dynamite in this case is even more justifiable than the seizure permitted in United States v. Zeidman, 444 F.2d 1051 (7th Cir. 1971).

Therefore, it is ordered that the defendant's motion to suppress be and hereby is denied.