STATE of Alaska, Petitioner,

v.

Casimer KOTT, Respondent.

No. 5570.

Court of Appeals of Alaska.

Nov. 19, 1981.

---

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for petitioner.

Lloyd I. Hoppner, Rice, Hoppner, Ingraham & Brown, Fairbanks, for respondent.

Before BRYNER, C. J., SINGLETON, J., and MOORE, Superior Court Judge.*

---

* Daniel A. Moore, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. It is therefore not necessary for us to consider defendant's argument that this court lacks jurisdiction to hear this matter as a petition for review in light of certain limitations found in the district court rules (and in the rules of this court) governing appeals.

Further, we reject defendant's argument that AS 22.07.020(d)(2) which prevents appeals by the state except to test the sufficiency of the indictment, information or, by extention, com-

SINGLETON, Judge.

This is a petition for review of a summary judgment of acquittal entered by the district court dismissing the complaint against defendant on the ground that his prosecution was barred by collateral estoppel. The state first petitioned the superior court for review of the district court's decision. Upon denial by the superior court, the state renewed its petition in this court. Having concluded that the petition challenges a final judgment, we have determined to treat the petition as an appeal. *Jordan v. Reed*, 544 P.2d 75, 78–79 (Alaska 1975).[1]

 The trial judge termed his judgment an acquittal. Generally judgments of acquittal are not reviewable on appeal by the state. *See Selman v. State*, 406 P.2d 181 (Alaska 1965). Both the state and federal constitutional prohibitions against placing a defendant twice in jeopardy insulate him from an appeal from a judgment of acquittal however erroneous the trial judge's view of the facts or the law. However, both state and federal courts have held that the reviewing court is not bound by the trial court's characterization of its order but must look to the legal effect of what actually was done. *See United States v. Jorn*, 400 U.S. 470, 478 n.7, 91 S.Ct. 547, 553 n.7, 27 L.Ed.2d 543, 552 (1971) (opinion of Harlan, J.); *Selman v. State*, 406 P.2d at 186. Here the trial judge neither heard all of the evidence against respondent nor concluded that a reasonable jury could not find him guilty beyond reasonable doubt based upon that evidence. Rather, he concluded

plaint, precludes consideration of this matter as an appeal. In *State v. Michel*, 634 P.2d 383, (Alaska App., 1981), we relied upon *State v. Shelton*, 368 P.2d 817, 819–20 (Alaska 1962), in construing AS 22.07.020(d)(2) to preclude state appeals only in situations where retrial would be barred by double jeopardy; that is, we consider an indictment or information "insufficient" if it is dismissed for any reason other than a determination by a trier of fact that the defendant is innocent. We will consider the impact of the double jeopardy clauses of the state and federal constitutions hereafter.

that a judgment of acquittal previously entered in favor of a codefendant barred trial of respondent under the doctrine of collateral estoppel. Thus, the trial court in effect granted the defendant summary judgment. Such a pretrial ruling prior to the attachment of jeopardy through the swearing of the jury does not preclude appellate review by virtue of the prohibition against placing a defendant twice in jeopardy. *See Serfass v. United States*, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). The United States Supreme Court has held that nothing in the double jeopardy clause of the federal constitution forecloses putting the defendant to trial as an aider and abettor simply because another jury has determined that his principal was not guilty of the offenses charged. *See Standefer v. United States*, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980). We see no reason to interpret our state constitution's double jeopardy clause differently. Consequently, we conclude that the trial judge's characterization of his decision as a judgment of acquittal was erroneous and that the judgment should have been characterized as a dismissal based upon a plea in bar, *i. e.*, nonmutual collateral estoppel. The double jeopardy clause does not preclude retrial after such an order of dismissal if the order was erroneous, and consequently, the superior court and this court may review the case.[2] *See United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction*, § 3919, at 675 (1976).

A determination that the constitution does not bar retrial is not dispositive, however, since nonmutual collateral estoppel, if available, might bar retrial as a matter of common law. It was the trial judge's determination that the common law barred retrial which generated the order of dismissal under consideration here.

In order to understand the context in which respondent was granted a judgment of acquittal, it is necessary to review the procedural history of this case. Defendant Kott and codefendant Roland Bonneville are police officers employed by the City of Fairbanks. On January 10, 1979, they were engaged in their duties attempting to videotape an individual whom they suspected of driving while intoxicated. During the videotaping, an altercation occurred resulting in a complaint against Kott and Bonneville charging them with assault of the suspect and erasure of the videotape to cover up evidence of that assault. Kott and Bonneville were initially tried together before District Court Judge Hugh Connelly and a jury on May 17, 1979. Fearing the unconstitutional use of one defendant's statements against the other, Judge Connelly issued a detailed order *in limine* precluding testimony relating admissions of one defendant implicating the other. On May 24, 1979, finding that the state had violated that order *in limine*, Judge Connelly granted a mistrial as to Kott only, and trial against Bonneville continued. Ultimately, Judge Connelly granted Bonneville a judgment of acquittal before submitting the case to the jury. Finally, Judge Connelly determined that the mistrial granted Kott was the result of prosecutorial misconduct and that therefore his retrial was barred. Nevertheless, he stayed entry of his judgment to allow the state to seek review. The state's petition for review was granted

---

2. The superior court denied review in the apparent belief that it was bound by the trial court's characterization of its decision as a judgment of acquittal. Respondent cites the carefully reasoned opinion of the superior court in *State v. Gardner*, No. 4 FA–78–1876 Cr. (Alaska Super., May 10, 1979), for the proposition that the district court's failure to stay entry of its judgment to permit review in the superior court is binding on the superior court and ousts that court of jurisdiction. For the reasons set out in *State v. Browder*, 486 P.2d 925, 929–31 (Alaska 1971), in support of the

view that it is improper to permit a trial court to insulate its own errors from review, *e. g.*, by failing to grant a stay, we refuse to follow *State v. Gardner*. Consequently, we could remand this case to the superior court with directions to exercise its discretion regarding the granting or denial of the petition for review. Under the circumstances, however, we feel that the issue is of sufficient importance to warrant a decision by this court, and consequently, a remand would simply delay the ultimate outcome. We therefore decline to remand the case.

by Superior Court Judge Taylor who reviewed the facts of the case carefully, concluded that the state's actions were not sufficiently egregious to bar retrial, and reversed Judge Connelly's decision and remanded for trial. This decision is not before us at this time and we express no opinion regarding its resolution. The matter was reassigned to Judge Monroe Clayton. Kott then filed a motion to dismiss the complaint on grounds of collateral estoppel. After reviewing the material submitted by the parties, Judge Clayton entered an oral decision on July 15, 1980, granting the defendant's motion to dismiss, finding further prosecution barred by collateral estoppel. The oral decision was supplemented by a written judgment of acquittal filed on July 17, 1980. This petition followed on July 28, 1980.

The remaining issue is therefore: in a criminal case, may a defendant invoke a judgment of acquittal granted a codefendant in a prior case as a bar to his prosecution under the doctrine of collateral estoppel? The issue is one of first impression in this jurisdiction, though our state supreme court has on a number of occasions discussed *res judicata* and collateral estoppel in both civil and criminal cases. We feel that the proper resolution of this case can be gleaned from those earlier cases.

In *State v. Baker*, 393 P.2d 893, 896–97 (Alaska 1964), the supreme court defined the application and purpose of *res judicata* as follows:

This doctrine bars a second suit between the same parties on the same subject matter resolving the same issues between the parties in the same capacity or quality. It is founded upon the principle that parties ought not to be permitted to litigate the same issue more than once and that when a right or fact has been judicially determined by a court of competent jurisdiction or an opportunity for such trial has been given, the judgment of the court, as long as it remains unreversed, should be conclusive upon the parties and those in privity with them in law or estate. [Footnotes omitted.]

The court said the following about the doctrine of collateral estoppel:

While the general rule of res judicata applies to repetitious suits involving only the same cause of action it has been employed in situations where the second action between the same parties is upon a different cause or demand. But in the latter event the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. Res judicata is then more accurately referred to as collateral estoppel or estoppel by judgment.

*Id.* at 879 (footnotes omitted).

In its cases, the supreme court recognized that "mutuality" was normally required before collateral estoppel could be invoked. That is, both the party asserting estoppel and the party against whom estoppel was asserted in the second action had to have been parties to the first action. In *Pennington v. Snow*, 471 P.2d 370, 376–77 (Alaska 1970), the supreme court discussed circumstances under which a requirement of "mutuality" could be relaxed. There the court held that while the mutuality of estoppel requirement would be necessary in some cases, it would not as a rule be necessary for the invocation of *res judicata* or collateral estoppel against a party. Of note in this regard is *Scott v. Robertson*, 583 P.2d 188 (Alaska 1978), where the supreme court permitted a party to use a criminal conviction for driving while intoxicated against a defendant in a subsequent civil proceeding to establish negligence. The court held that three factors must be present before the criminal conviction can be used as conclusive in the civil proceeding: first, the prior conviction must be for a serious offense in order that the accused have the motivation to defend himself fully; second, that the defendant in fact have a full and fair hearing; and third, that the issue in which the judgment is offered must necessarily have been decided in the prior case. *Id.* at 191–92.

Finally, in *DeSacia v. State*, 469 P.2d 369, 379–81 (Alaska 1970), the Alaska Supreme Court, in partial reliance on *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), applied the doctrine of collateral estoppel to criminal cases, but in so doing, held that collateral estoppel would only be applied where it was fair to do so. *See Dapcevich v. State*, 360 P.2d 789, 792–93 (Alaska 1961). Specifically, in *DeSacia*, the court refused to give a defendant the benefit of inconsistent verdicts, one of guilty and one of not guilty, to bar any conviction at all.

■ Having reviewed these Alaska cases, we have come to the conclusion that a judgment in a criminal case favorable to one defendant should not bar prosecution of a codefendant in a subsequent proceeding. While the state had as much incentive to prosecute Bonneville as it did Kott, and while Bonneville's involvement was certainly decided by Judge Connelly, the state did not have a right to appeal Bonneville's acquittal, and consequently, the state cannot be said to have had a full and fair hearing on the facts. We therefore reject nonmutual collateral estoppel in such criminal cases.[3] In so doing, we adopt the reasoning of the United States Supreme Court in *Standefer v. United States*, 447 U.S. at 22–23, 100 S.Ct. at 2007, 64 L.Ed.2d at 699–700, where the court refused to allow the use of a prior acquittal to bar prosecution against a codefendant and, in justification, said in part:

First, in a criminal case, the government is often without the kind of "full and fair opportunity to litigate" that is a prerequisite of estoppel. Several aspects of our criminal law make this so: the prosecution's discovery rights in criminal cases are limited, both by rules of court and constitutional privileges; it is prohibited from being granted a directed verdict or from obtaining a judgment notwithstanding the verdict no matter how clear the evidence in support of guilt, compare

Fed.Rule Civ.Proc. 50; it cannot secure a new trial on the ground that an acquittal was plainly contrary to the weight of the evidence, compare Fed.Rule Civ.Proc. 59; and it cannot secure appellate review where a defendant has been acquitted. The absence of these remedial procedures in criminal cases permits juries to acquit out of compassion or compromise or because of "their assumption of a power which they had no right to exercise, but to which they were disposed through lenity." It is of course true that verdicts induced by passion and prejudice are not unknown in civil suits. But in civil cases, post-trial motions and appellate review provide an aggrieved litigant a remedy; in a criminal case the government has no similar avenue to correct errors. Under contemporary principles of collateral estoppel, this factor strongly militates against giving an acquittal preclusive effect. [Citations and footnotes omitted.]

We recognize that these arguments might equally be made in any case where double jeopardy is asserted such as where a defendant invokes collateral estoppel in his own behalf based upon a prior acquittal. But in such a case, collateral estoppel has been held a matter of constitutional compulsion not reasonable choice; for there, the risk of harassment of a defendant by successive prosecutions is at least possible. As the Supreme Court pointed out in *Standefer*, there is no question of harassment by successive prosecutions of one who is tried but once, though a codefendant might earlier have been tried. Finally, we recognize that in *People v. Taylor*, 12 Cal.3d 686, 117 Cal.Rptr. 70, 527 P.2d 622 (1974), upon which defendant relies, the California Supreme Court has arguably reached a different result. While we believe *Taylor* to be distinguishable on its facts (it involved a situation where one defendant was being prosecuted on a theory of vicarious liability

3. Where the state does have an opportunity to obtain review of an adverse decision, we express no opinion regarding the propriety of a court's application of nonmutual collateral estoppel. *Compare Commonwealth v. Scala*, 8 Mass.App. 202, 392 N.E.2d 869 (1979), *aff'd*, 404 N.E.2d 83 (Mass.1980) (denying nonmutual collateral estoppel effect to an earlier suppression hearing) *with State v. Gonzalez*, 75 N.J. 181, 380 A.2d 1128 (1977) (allowing it).

for the acts of a codefendant previously acquitted), we prefer to reject its holding. We feel the factors cited from *Standefer* are more persuasive than those relied upon by *Taylor, i. e.,* promoting judicial economy by minimizing repetitive litigation, preventing inconsistent judgments which undermine the integrity of the judicial system, and providing repose by preventing a person from being harassed by vexatious litigation. As previously mentioned, we see no harassment when an individual is tried for the first time, and we consider inconsistent judgments in criminal cases a necessary result of permitting jury trials where reasonable men can differ since where reasonable men can differ, they frequently will. Finally, we consider the need to enable the state to have a full and fair adversary proceeding more important than promoting judicial economy by minimizing repetitive litigation. The decision of the district court is REVERSED and this case is REMANDED for trial.

COATS, J., not participating.