Floyd WORTHAM, Appellant,

v.

STATE of Alaska, Appellee.

No. 5459.

Court of Appeals of Alaska.

March 4, 1982.

Robert L. Manley, and Joseph R. D. Loescher, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellant.

Rhonda F. Butterfield, Asst. Atty. Gen., Anchorage, Dean J. Guaneli, Asst. Atty. Gen., Daniel W. Hickey, Chief Prosecutor, and Wilson L. Condon, Atty. Gen., Juneau, for appellant.

Before COATS and SINGLETON, JJ., and MADSEN, Superior Court Judge.*

* Roy H. Madsen, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. The state argues vigorously that *Glass* was wrongly decided and should be overruled. We believe we are required to follow the *Glass* opinion.

2. Wortham raises two issues which can be rapidly resolved. First, he contends that Alaska Rule of Evidence 412(2), which permits evidence illegally obtained to be used under certain circumstances in perjury prosecutions, is unavailable because it is limited to evidence obtained in violation of the fourth amendment to the United States Constitution and its Alaska counterpart, art. 1, § 14 of the state consti-

## OPINION

SINGLETON, Judge.

This is an appeal from a conviction of two counts of perjury, former AS 11.30.-010(a), following a plea of no contest by Wortham entered pursuant to an agreement with the court and prosecutor that he could appeal the denial of his motion to suppress certain evidence. The prosecutor specifically stipulated that a ruling to suppress the evidence would terminate the case. Consequently, we have jurisdiction to consider the claim. *Oveson v. Municipality of Anchorage*, 574 P.2d 801, 803 n.4 (Alaska 1978); *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974).

Wortham was tried and convicted of the charge of sale of cocaine. *See Wortham v. State*, 617 P.2d 510 (Alaska 1980). He testified in his own defense, and during the course of that testimony, he made statements which resulted in his indictment for perjury. The state notified Wortham that, at his perjury trial, it intended to use the transcript of a tape recording made of a conversation between Wortham and an undercover police agent. This recording had been made without Wortham's knowledge. At his trial for sale of cocaine, Wortham had successfully obtained suppression of that recording based upon *State v. Glass*, 583 P.2d 872 (Alaska 1978).[1] Relying on this ruling, Wortham again sought to have the same evidence suppressed in the perjury prosecution, but the trial court, in apparent reliance on Alaska Rule of Evidence 412(2), denied suppression. This appeal followed.[2]

tution. Here, Wortham contends seizure of the evidence violated Alaska Const. art. 1, § 22, providing an independent ground for suppression and taking the case out from under Evidence Rule 412. We see nothing in the text of the rule suggesting that evidence obtained in violation of art. 1, § 22 should be treated any differently than that obtained in violation of art. 1, § 14. In fact, a review of Alaska Supreme Court decisions reflects no intent to create an independent ground of exclusion. *See, e.g., State v. Glass*, 583 P.2d 872 (Alaska 1978). A close reading of the cases establishes that suppression is always predicated on art. 1, § 14, and that § 22 is merely used as a justification for giving § 14 a liberal interpretation. This is clear from the supreme court's utiliza-

■ The sole issue on appeal, therefore, concerns the applicability of Alaska Rule of Evidence 412(2) to this case. Specifically, we must determine whether the evidence obtained which was properly suppressed in the cocaine case must also be suppressed in the perjury case. Under the rule, this determination turns upon whether the evidence was obtained in "substantial violation" of the defendant's rights. Unfortunately, we are unable to decide this question because the record is inadequate for our determination. We are an appellate court, and our obligation is to review findings of fact and law made by the superior and the district courts. The parties have not specified for inclusion in the record the findings of fact and conclusions of law, if any, made by the trial judge in denying Wortham's motion to suppress the evidence in the perjury prosecution. While we have before us a transcript of the suppression hearing conducted in the cocaine prosecution, we note that the trial judge there understandably did not address the perjury issue or make any findings or conclusions regarding the "substantiality" of the violation. It is true that the participants to the taping of the conversation were called as witnesses and were interrogated, but it is not clear that this was done with an eye toward determining the facts necessary to establish a record for purposes of Rule 412(2). However, even if it were, this court is not authorized to make either findings of fact or conclusions of law at the first instance. This matter is, therefore, remanded to the superior court to conduct such proceedings as may be necessary to furnish

findings of fact and conclusions of law explaining its decision. While we do not necessarily view the case of *State v. Fruitt*, 35 N.C.App. 177, 241 S.E.2d 125 (1978), as controlling, we would appreciate specific determinations regarding the four factor test advanced in that case, *i.e.*, (a) the importance of the particular interest violated; (b) the extent of the deviation from lawful conduct; (c) the extent to which the violation was wilful; and (d) the extent to which exclusion will tend to deter future violations. *Compare State v. Sears*, 553 P.2d 907 (Alaska 1976). We would also be interested in knowing what standard, if any, the trial court applied in determining that the seizure of evidence here was not "in substantial violation" of defendant's rights.

This matter is REMANDED to the trial court for further proceedings consistent with this opinion. We will retain jurisdiction pending completion of those proceedings.

BRYNER, C. J., not participating.

tion of Justice Harlan's two-pronged test, *Katz v. United States*, 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576, 588 (1967) (Harlan, J., concurring) (interpreting the fourth amendment to the United States Constitution), to determine the propriety of exclusion of evidence under both art. 1, § 14 and § 22 of our state constitution. We therefore construe Alaska Rule of Evidence 412(2) as applying to evidence illegally obtained regardless of the basis for determining that it was obtained illegally.

Defendant argues next that suppression of the evidence in the cocaine prosecution should be treated as *res judicata* or at least should collaterally estop the state from using the evidence in the perjury prosecution. We disagree.

Alaska Rule of Evidence 412(2) provides for disparate treatment in the two situations. There is no suggestion that 412(2) was considered at the first suppression hearing and therefore there is no basis for invoking *res judicata* or collateral estoppel. Therefore, it is not necessary for us to resolve the conflict which exists between those cases which hold that these doctrines do attach to rulings in suppression hearings and those cases which hold that they do not. *Compare Commonwealth v. Scala*, 8 Mass.App. 202, 392 N.E.2d 869 (1979), *aff'd*, 380 Mass. 500, 404 N.E.2d 83 (1980) (denying collateral estoppel effect to an earlier suppression) *with State v. Gonzalez*, 75 N.J. 181, 380 A.2d 1128 (1977) (allowing it).