**Floyd WORTHAM, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 5459.**

Court of Appeals of Alaska.

Feb. 10, 1983.

Robert L. Manley, and Joseph R.D. Loescher, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellant.

Rhonda F. Butterfield, Asst. Atty. Gen., Anchorage, Dean J. Guaneli, Asst. Atty. Gen., Daniel W. Hickey, Chief Prosecutor, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before COATS and SINGLETON, JJ., and MADSEN, Superior Court Judge.*

OPINION

PER CURIAM.

Floyd Wortham appeals his conviction of two counts of perjury, former AS 11.30.-010(a), following his plea of no contest entered pursuant to an agreement with the court and prosecutor that he could appeal the denial of his motion to suppress certain evidence. The prosecutor specifically stipulated that a ruling to suppress the evidence would terminate the case. Consequently, we have jurisdiction to consider the claim. *Oveson v. Municipality of Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978); *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974).

Wortham was tried and convicted of the charge of sale of cocaine. *See Wortham v. State,* 617 P.2d 510 (Alaska 1980). He testified in his own defense and, during the

---

* MADSEN, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

course of that testimony, made statements which resulted in his indictment for perjury. The state notified Wortham that, at his perjury trial, it intended to use the transcript of a tape recording made of a conversation between Wortham and an undercover police agent. This recording had been made without Wortham's knowledge. At his trial for sale of cocaine, Wortham had successfully obtained suppression of that recording based upon *State v. Glass,* 583 P.2d 872 (Alaska 1978). Relying on this ruling, Wortham again sought to have the same evidence suppressed in the perjury prosecution but the trial court, in apparent reliance on Alaska Rule of Evidence 412(2),[1] denied suppression. This appeal followed.

Initially, we found the record insufficient to enable us to decide the case, and we therefore remanded it to the superior court to enable that court to provide us with findings of fact and conclusions of law. *Wortham v. State,* 641 P.2d 223 (Alaska App.1982). The trial judge made findings of fact and conclusions of law supporting his original decision to deny the motion to suppress. The case is now returned to us for decision.

The sole issue on appeal concerns the applicability of Alaska Rule of Evidence 412(2) to this case. Specifically, we must determine whether the evidence obtained, which was properly suppressed in the cocaine case, must also be suppressed in the perjury case. Under the rule, this determination turns upon whether the evidence was obtained in "substantial violation" of the defendant's rights. We affirm the decision of the trial court.

The following statement of facts is based on Wortham's brief and the state does not dispute it. On September 25, 1978, Wortham met Ms. Gail J. Reas (an undercover police officer) and a police informant at the Kentucky Fried Chicken Restaurant on Tudor Road in Anchorage, Alaska. The purpose of the meeting was to enable Reas to purchase cocaine from Wortham. Prior to the meeting, Ms. Reas equipped herself with an electronic transmitter. Police Officer Charles M. Adams, Jr. equipped himself with an electronic monitoring and recording system in an unmarked police vehicle. The conversation surrounding the transaction was electronically monitored and recorded by Officer Adams. The electronic monitoring and recording took place without the benefit of a search warrant or any other court order.

Officer Adams testified that his surveillance of Wortham took place ten days after the opinion in *State v. Glass* was published and at that time it was felt that a conversation could be monitored for the protection of undercover operators, but not recorded. He stated that he did not intend to record the conversation between Reas and Wortham but had the recorder on so that Reas could read the serial numbers on the marked bills to be used in the transaction. Wortham unexpectedly showed up and began the transaction and the recorder was inadvertently left on. Judge Carlson accepted this explanation as true and concluded that the recording was in good faith. That conclusion was not clearly erroneous.

We conclude that the recorded conversation between Wortham and Reas was not obtained in substantial violation of Wortham's rights. We base this conclusion on the fact that the recording was done in good faith and was not an intentional violation of the law. We note that *Glass,* which announced a new rule of law, had been in existence for only ten days at the time this

1. Alaska Rule of Evidence 412 provides:

*Evidence Illegally Obtained.*

Evidence illegally obtained shall not be used over proper objection by the defendant in a criminal prosecution for any purpose except:

(1) a statement illegally obtained in violation of the right to warnings under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), may be used in a prosecution for perjury if the statement is relevant to the issue of guilt or innocence and if the prosecution shows that the statement was otherwise voluntary and not coerced; and

(2) other evidence illegally obtained may be admitted in a prosecution for perjury if it is relevant to issue of guilt or innocence and if the prosecution shows that the evidence was not obtained in substantial violation of rights.

conversation had been recorded and that there had been little time to acquaint police officers with the holding in that case. In addition, Wortham had a reduced expectation of privacy in his conversation with Reas in the sense that this was an illegal drug transaction which took place in an automobile and Reas' testimony as to the nature of their conversation was admissible regardless of whether the recording of the conversation was admissible. *Glass,* 583 P.2d at 880. Finally, we agree with the trial court that, on the particular facts of this case, suppression of the tape in the perjury prosecution would not add to the deterrent effect on the illegal police behavior that was already obtained by the suppression of the recorded conversation in the cocaine prosecution.

We recognize that drug prosecutions frequently pit the defendant against the informant or undercover agent in a "swearing contest" and the defendant is under a substantial handicap if he cannot testify. There is thus a risk that law enforcement officers will intentionally monitor and record conversations under circumstances in which they could not establish probable cause and obtain a warrant. While they would not be able to use the evidence in a drug prosecution, they would have it available for subsequent perjury prosecutions and could therefore deter the defendant from testifying, forcing the jury to decide the case solely on the testimony of the informant and increasing the likelihood of conviction. Such a practice would infringe on the defendant's right to make an unfettered decision whether to testify or not. *See Harris v. New York,* 401 U.S. 222, 226, 91 S.Ct. 643, 646, 28 L.Ed.2d 1, 5 (1971) (Brennan, J., dissenting). Thus, we might decide this case differently if we thought that the police had intentionally recorded the conversation. We are satisfied that the police acted in good faith in this case. We expect that trial courts will carefully scrutinize subsequent claims of good faith.

The judgment of the superior court is AFFIRMED.

BRYNER, C.J., not participating.

SINGLETON, Judge, concurring.

I concur in the result. Alaska Rule of Evidence 412 generally excludes from evidence material obtained in violation of the fourth and fifth amendments to the United States Constitution and, the comparable provisions of our state constitution. *See Harker v. State,* 637 P.2d 716 (Alaska App. 1981). Unless a substantial violation of rights occurs, however, illegally obtained evidence is admissible in a perjury prosecution.[1] From this I infer that the drafters of the rule did not intend to bar the introduction of evidence obtained in violation of the fourth and fifth amendments, and their Alaska counterparts, unless the violation of rights was such that it independently violated due process. *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). In the absence of coercion, violence or brutality to the person, I would admit evidence obtained in violation of the fourth and fifth amendments in perjury prosecutions. *See Irvine v. California,* 347 U.S. 128, 74 S.Ct. 381, 98 L.Ed. 561 (1954) (applying the *Rochin* standard to a fact situation similar but more egregious than the instant one). It seems to me that the *Rochin* test strikes an appropriate balance between the need to deter perjury on the one hand and judicial integrity on the other. Since the instant facts do not meet the *Rochin* test, I join the decision to affirm.

---

1. Such a rule is clearly consistent with federal law which permits illegally seized evidence to be used for impeachment. *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) (admissions obtained in violation of the Miranda Rules); *Walder v. United States,* 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954) (evidence obtained in violation of the fourth amendment).