**Floyd WORTHAM, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 5459.

Supreme Court of Alaska.

July 8, 1983.

Joseph R.D. Loescher and Robert L. Manley, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellant.

Rhonda F. Butterfield, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BURKE, C.J., RABINOWITZ, MATTHEWS, and COMPTON, JJ., and DIMOND, Senior Justice.[*]

**OPINION**

RABINOWITZ, Justice.

Floyd Wortham was convicted of two counts of perjury under former AS 11.30.-010(a), following his plea of no contest.[1] Prior to these convictions Wortham had been tried and convicted of the crime of the unlawful sale of cocaine.[2]

At his trial for illegal sale of cocaine, Wortham testified on his own behalf and,

---

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 11 of the Constitution of Alaska.

1. Pursuant to *Oveson v. Municipality of Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978), and *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974), Wortham preserved his right to appeal the superior court's denial of his motion to suppress certain evidence.

2. See *Wortham v. State,* 617 P.2d 510 (Alaska 1980).

during this testimony, made certain statements which resulted in his indictment for perjury. The state had notified Wortham that, at his perjury trial, it intended to use a transcript of a tape recording made of a conversation between Wortham and an undercover police agent. The recording was made without Wortham's knowledge.[3] At his trial for sale of cocaine, Wortham had successfully suppressed the tape recording on the basis of *State v. Glass*, 583 P.2d 872 (Alaska 1978). Relying on this ruling, Wortham again sought to have the same evidence suppressed in the perjury prosecution. The superior court, apparently relying on Alaska Rule of Evidence 412(2), denied the suppression motion.[4] Wortham then appealed to the court of appeals where the superior court's judgment was affirmed.[5]

> Rule of Evidence 412(2) provides in part:
>
> Evidence illegally obtained shall not be used over proper objection by the defendant in a criminal prosecution for any purpose except:
>
> . . . .
>
> (2) . . . evidence illegally obtained may be admitted in a prosecution for perjury if it is relevant to [the] issue of guilt or innocence and if the prosecution shows that the evidence was not obtained in substantial violation of rights.

The Commentary to Rule 412(2) states in part:

> The second exception governs evidence obtained in violation of the fourth amendment and/or its Alaska counterpart, article I, section 14. Again a limitation is imposed: the evidence must be relevant to the issue of guilt or innocence, and must not have been obtained "in substantial violation of rights." This limitation is not imposed to ensure reliability of the evidence, but rather recognizes that judicial integrity requires the exclusion of evidence for all purposes if the police misconduct involved in obtaining it was flagrant.

For the reasons stated by Judge Singleton in his concurring opinion, we affirm the superior court's judgment. Rule 412 provides generally that evidence which has been illegally obtained shall on proper objection be excluded in criminal prosecutions. Subsection 2 of Rule 412 provides an exception to the exclusionary rule for illegally seized evidence in criminal prosecutions. Under this exception, illegally seized evidence may be used in perjury prosecutions, unless the police misconduct amounts to a flagrant or egregious invasion of personal rights. As Judge Singleton stated in his concurrence:

> [T]he drafters of the rule did not intend to bar the introduction of evidence obtained in violation of the fourth and fifth amendments, and their Alaska counterparts, unless the violation of rights was such that it independently violated due process. *Rochin v. California*, 342 U.S. 165 [72 S.Ct. 205], 96 L.Ed. 183 (1952). In the absence of coercion, violence or brutality to the person, I would admit evidence obtained in violation of the fourth and fifth amendments in per-

---

**3.** In its decision, the court of appeals set forth in detail the factual circumstances surrounding the tape recording of the conversation. Briefly, the facts were stated as follows:

> On September 25, 1978, Wortham met Ms. Gail J. Reas (an undercover police officer) and a police informant at the Kentucky Fried Chicken Restaurant on Tudor Road in Anchorage, Alaska. The purpose of the meeting was to enable Reas to purchase cocaine from Wortham. Prior to the meeting, Ms. Reas equipped herself with an electronic transmitter. Police Officer Charles M. Adams, Jr. equipped himself with an electronic monitoring and recording system in an unmarked police vehicle. The conversation surrounding the transaction was electronically monitored and recorded by Officer Adams. The electronic monitoring and recording took place without the benefit of a search warrant or any other court order.

*Wortham v. State*, 657 P.2d 856, 857 (Alaska App.1983) (per curiam). The court noted that the above statement of facts was based on Wortham's brief and uncontested by the state. *Id.* at 857.

**4.** The procedural history of this matter is taken essentially verbatim from the Court of Appeals' opinion. *See id.* at 856–57.

**5.** *Id.* at 856.

jury prosecutions. *See Irvine v. California,* 347 U.S. 128 [74 S.Ct. 381], 98 L.Ed. 561 (1954) (applying the *Rochin* standard to a fact situation similar but more egregious than the instant one). It seems to me that the *Rochin* test strikes an appropriate balance between the need to deter perjury on the one hand and judicial integrity on the other. Since the instant facts do not meet the *Rochin* test, I join the decision to affirm.

657 P.2d at 858.

Given the absence of flagrant police misconduct in recording the conversation between Wortham and the undercover police agent we hold that the superior court properly ruled that, pursuant to the provisions of Rule 412(2), the transcript of this tape recording was admissible in the perjury prosecution of Wortham.

For the foregoing reasons, the court of appeals' affirmance of the superior court's judgment is AFFIRMED.

CONNOR, J., not participating.