IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1028-03






GWIN H. LONG, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


HENDERSON COUNTY






 Keasler, J., filed a dissenting opinion in which Keller, P.J., and Hervey,
J., join.




 I respectfully dissent. The majority's opinion focuses solely on the fact that the red
caboose, which Long used as a residence, was not specifically described in the affidavit. Butthe majority turns a blind eye to our own jurisprudence and that of federal law that the
description of a structure in an affidavit does not limit a search only to that structure when the
"place and premises" language is used. We recognized that distinction in Comeaux v. State,
where we said that when an affidavit uses the language "place and premises," it may authorize
a search of other buildings on the property even if the affidavit specifically describes the
property to be searched. (1) Other courts hold that when a warrant contains the "premises"
language followed by a physical description of the structure to be searched, the specific
reference is generally found to be for the purpose of more fully identifying those premises,
not for the purpose of restricting the area to be searched. (2) And the Supreme Court of the
United States has held that "a lawful search of a fixed premises generally extends to the entire
area in which the object of the search may be found." (3) 

 Here, the warrant incorporated the affidavit by reference. While the affidavit described
only the silver passenger train car, it also repeatedly called to search the "place and premises." 
And the items seized from the red caboose--the keys to the eight-liner machines, Wal-Mart
gift certificates, cash, and bank records--were items listed in the affidavit as things that would
be found in the place and premises to be searched. I agree with the Court of Appeals that the
"place and premises" language in the affidavit included the red caboose in the scope of the
search.

 The majority notes that "when courts examine the description of the place to be
searched to determine the warrant's scope, they follow a certain common sense and practical
approach, not a 'Procrustean' or overly technical one." (4) But the majority's opinion is a
hypertechnical reading of the affidavit and search warrant. It limits searches to specific
wording in the affidavit rather than considering the affidavit as a whole. 

 The majority concludes that the search of the red caboose exceeded the scope of the
warrant because it was Long's residence. While a home is usually considered a
constitutionally protected area, (5) this concept does not serve as a "talismanic solution to every
Fourth Amendment problem." (6) In Amir v. State, we found that where a warrant authorized a
search of a business premises, it did not exceed the scope of the warrant to search a residence
contained within those premises. (7) In Amir, the police obtained a warrant to search a business
called U.S. Apparel located at 5627 Star Lane, Suite A, Houston, Harris County, Texas. (8) The
defendant owned U.S. Apparel, and his residence was a room located on the second floor of
the building. (9) He had marked the door of that room with a different address. (10) But the address
number the defendant marked on his door actually belonged to an adjoining business that the
defendant did not own, and the defendant's driver's license reflected that his home address was
the same as the address for U.S. Apparel. (11) We concluded that because the warrant named a
business and a particular address, the defendant's residence located inside the business was a
part of the place to be searched, and thus a search of the residence did not exceed the scope
of the warrant. (12) 

 Although the residence in Amir was physically located inside, and attached to, the
business premises, and while here the red caboose was a separate structure, this does not
change the analysis. As Judge Keller noted in her concurrence in Amir, "courts have held that
a search warrant covers structures not described in the warrant if the structures appear to be
a part of, or appurtenant to, the property described in the warrant." (13) Here, the affidavit called
for, and the warrant authorized, a search of the "suspected place and premises" of an "unnamed
business known as 'Train's', 1075 Pritchett Lane, Seven Points, Henderson County, Texas . .
. ." From the record, the red caboose appeared to be part of or appurtenant to the business
premises of Train's. There was nothing to indicate that the red caboose was a residence, and
nothing in the record shows that the officers executing the warrant knew it was a residence,
despite the Court of Appeals' dissent to the contrary. While the investigator who prepared the
affidavit testified that he knew that Long used the red caboose as her living quarters, nothing
in the record shows that the officers executing the warrant had such knowledge. And unlike
Amir, the red caboose was not marked with a separate exterior address. Further, the record
shows that the officers searched only the train cars on the property; the officers did not search
a travel trailer on the property that appeared to be a residence but not part of Train's. I do not
believe we should be "prepared to hold that a warrant to search a business automatically
encompasses a residence . . . owned by the same person" (14) located on the same property as the
business. But because in this case, the red caboose appeared to be part of the place and
premises to be searched, the officers did not exceed the scope of the warrant in searching the
red caboose.

 The majority states that there was no evidence that the officers executing the warrant
made an honest mistake by searching Long's residence. But that is not the standard. The
standard is whether, under the circumstances, the officers could have reasonably perceived the
red caboose as part of the place and premises of Train's. (15) The objective facts available to the
officers executing the warrant suggested no distinction between the red caboose and the
business premises of Train's. (16) So under the majority opinion, a police officer could not
conduct a reasonable search of a residence.

 The majority also states that "a warrant to enter a nearby business establishment which
is open to the public is not an 'Open Sesame' for the home." (17) I agree that even though Long's
residence was only a "humble little red caboose" that "it is as worthy of full constitutional
protection as is the grandest castle owned by the richest lord of the land." (18) But just as in Amir,
Long's home appeared to be part of the business premises. There was no indication that the
red caboose was Long's home. There was only one mailbox address for the entire premises
known as Train's, which also included Long's humble abode. Long's residence appeared to be
part of the business premises, and so it was not outside of the scope of the warrant. Conclusion

 I believe that the Court of Appeals did not err in finding that the trial court did not abuse
its discretion in admitting evidence seized from the red caboose. Because the majority finds
differently, I dissent.





DATE DELIVERED: April 21, 2004

PUBLISH

1. Comeaux v. State, 118 Tex. Crim. 223, 228, 42 S.W.2d 255, 258 (1931).
2. U.S. v. Griffin, 827 F.2d 1108, 1114 (7th Cir. 1987) (citing U.S. v. Palmisano,
386 F. Supp. 599, 599-600 (E.D. Wis. 1974)); see also U.S. v. Bulgatz, 693 F.2d 728, 730
(8th Cir. 1982); U.S. v. Freeman, 685 F.2d 942, 955 (5th Cir. 1982); U.S. v. Napoli, 530
F.2d 1198, 1200 (5th Cir. 1976);U.S. v. Long, 449 F.2d 288, 294 (8th Cir. 1971); U.S. v.
Pointer, 348 F. Supp. 600, 603-04 (W.D. Mo. 1972).
3. U.S. v. Ross, 456 U.S. 798, 820 (1982). 
4. Ante, slip op. at 8-9.
5. See Katz v. U.S., 389 U.S. 347, 351-52 (1967).
6. Id. at 352 n.9.
7. Amir v. State, 45 S.W.3d 88, 90-91 (Tex. Crim. App. 2001).
8. Id. at 89.
9. Id. 
10. Id.
11. Id.
12. Id. at 91.
13. Id. at 98 (Keller, P.J., concurring) (citing U.S. v. Wright, 468 F.2d 1184, 1185
(6th Cir. 1972), cert. denied, 412 U.S. 938 (1973); Commonwealth v. Scala, 404 N.E.2d
83, 89 (Mass. 1980); State v. Cote, 493 A.2d 1170, 1176 (N.H. 1985); Rainey v. State,
246 N.W.2d 529, 533-36 (Wis. 1976); Sowers v. State, 724 N.E.2d 588, 590-91 (Ind.
2000)).
14. Id. at 96.
15. See Maryland v. Garrison, 480 U.S. 79, 86-88 (1987).
16. See id. at 88.
17. Ante, slip op. at 13.
18. Id.