Argued and submitted May 27, affirmed June 29, petition for review denied
August 30, 1994 (320 Or 110)

# WIDMER BREWING COMPANY,
## an Oregon corporation,
### *Appellant,*

*v.*

## Kevin ROLPH
## and Carole Rolph,
### *Respondents.*

### (9207-04599; CA A79936)

877 P2d 112

Barton C. Bobbitt argued the cause for appellant. With him on the briefs was Bobbitt & Laster, P.C.

Kim T. Buckley argued the cause for respondents. With him on the brief was Esler, Stephens & Buckley.

Before De Muniz, Presiding Judge, and Landau and Leeson, Judges.

De MUNIZ, P. J.

## De MUNIZ, J.

Plaintiff brought this action against defendants for breach of contract, breach of a joint venture agreement and fraud. Plaintiff appeals from a summary judgment for defendants on all three claims. We affirm.

■■  Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. ORCP 47C; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). We view the evidence and all reasonable inferences that can be drawn therefrom in the light most favorable to the nonmoving party, which is plaintiff here. *Stevens v. Bispham*, 316 Or 221, 223, 851 P2d 556 (1993).

Defendants learned that the Oregon Transportation Commission planned to sell, at a public auction, several parcels of improved and unimproved property, including a parcel that adjoined property they owned. They were interested in purchasing part of the parcel to "square up" their property. Plaintiff also had learned of the auction and wanted to buy the same parcel to acquire a different part for use as a parking lot. Plaintiff previously had asked if defendants would sell it a portion of their property for use as a parking lot, but defendants did not want to sell any of their property.

Plaintiff and defendants went to the auction. Shortly before the auction began, plaintiff approached defendants and learned that they planned to bid on the same parcel. Defendants said, in their respective depositions, that they were prepared to pay $75,000 or more to purchase the parcel. Plaintiff was prepared to pay $20,000 to $30,000. The minimum bid for the parcel was $9,100. Plaintiff proposed to defendants that one party bid and purchase the parcel on behalf of both and then sell the lots it did not want to the other party for a pro rata share of the purchase price. Defendant Kevin Rolph told plaintiff that he would trade to plaintiff the lot it wanted in exchange for two lots defendants wanted.

The parties agreed to plaintiff's proposal. They decided that defendants would bid on behalf of both parties. Defendants bid successfully and purchased the parcel for $12,500. Plaintiff did not bid. Approximately 30 people

attended the auction, and there were several unsuccessful bidders. After the auction, defendants did not sell any lots to plaintiff.

When defendants refused to sell any of the lots, plaintiff filed this action. The trial court granted defendants' motion for summary judgment on plaintiff's three claims and dismissed defendants' counterclaim for attorney fees.

Plaintiff makes five assignments of error. In its first assignment, plaintiff argues that the trial court erred by granting summary judgment *sua sponte* for an "alleged violation of Oregon antitrust law." It asserts that, because defendants did not raise an antitrust violation as a defense, the trial court had no authority to grant summary judgment on that ground.

Plaintiff's argument is unpersuasive. Nothing in the record indicates that the trial court granted summary judgment because there was a violation of Oregon antitrust law. The order partially granting summary judgment states that "defendants' motion for summary judgment is GRANTED except as to defendants' counterclaim for an award of reasonable attorney fees." The trial court's judgment dismisses plaintiff's claims against defendants without any reference to an antitrust law violation.

Plaintiff's argument apparently derives from comments the trial court made during oral argument on defendants' motion for summary judgment. According to a narrative statement that summarizes the hearing, the trial court asked counsel whether the alleged agreement might violate antitrust laws, but neither side was prepared to respond to the court's inquiry.[1] Nothing in the narrative statement suggests that the trial court granted summary judgment because there was a violation of Oregon antitrust law. A trial judge's antecedent remarks or opinions, not embodied in its written findings and judgment, may not be used to attack the written findings or judgment on appeal. *State v. Swain/Goldsmith*, 267 Or 527, 530, 517 P2d 684 (1974); *Sause Bros. Ocean Tow. v. Gunderson*, 265 Or 568,

---

[1] The hearing on defendants' motion for summary judgment was not recorded. The parties filed an Agreed Narrative Statement summarizing that hearing, pursuant to ORAP 3.45.

576, 510 P2d 541 (1973). Because nothing in the record indicates that the trial court granted summary judgment on the basis of a violation of antitrust law, or that any party objected to consideration of that basis, the alleged error is not preserved for appellate review. ORAP 5.45(4).

In its second assignment, plaintiff argues that, if the trial court properly considered the issue of an antitrust violation, it erred in concluding that the parties' agreement was "illegal *per se*." Because nothing in the record indicates that the trial court's judgment was based on an antitrust violation, we need not address that assignment.

In its third assignment, plaintiff argues that the trial court erred in granting summary judgment on its breach of contract claim. It asserts that an agreement between bidders at a public auction is enforceable if the agreement is for a proper purpose, which is a question of fact. It also asserts that, because it refrained from bidding at the auction, the agreement is enforceable under the part performance exception to the Statute of Frauds.

■ An agreement between parties to bid jointly at a public auction is not illegal *per se*. It may be enforceable as long as the purpose of the agreement is not to prevent competition. *Rosenkrantz et al v. Barde*, 107 Or 338, 347, 214 P 893 (1923); *Kine v. Turner*, 27 Or 356, 360, 41 P 664 (1895). Whether the purpose of an agreement is to prevent competition depends on the facts and circumstances of each particular case. *Rosenkrantz et al v. Barde, supra*, 107 Or at 347.

■ The dispute here concerns whether an agreement to prevent competition was conclusively established by the evidence. Plaintiff asserts that the parties "entered into an agreement to combine resources if necessary and to increase their efficiency and mutual chances of success against other bidders who were competing for the property." It also asserts that the parties "were never actual or potential competitors." Defendants argue that deposition testimony by plaintiff's president and vice president indicates that the purpose of the agreement was to prevent competition.

The parties were competitors. They both wanted to purchase the same parcel of property, albeit to acquire ownership of different lots within that parcel. Each had the

wherewithal to participate in the auction without the assistance of the other; both plaintiff and defendants were prepared to spend more to obtain the parcel than the minimum bid and the sale price. The agreement furthered the parties' purpose of efficiently and successfully acquiring the parcel. Indeed, the facts here lead unavoidably to the conclusion that the parties achieved that purpose effectively by agreeing to eliminate competition between them. Such an agreement is unenforceable. *Rosenkrantz et al v. Barde, supra.* Because the facts unavoidably lead to that conclusion, defendants were entitled to summary judgment as a matter of law, and the trial court did not err in granting summary judgment on plaintiff's breach of contract claim. *Cf. Cameron v. Vancouver Plywood Corporation,* 266 F2d 535 (9th Cir 1959)(summary judgment inappropriate where unresolved factual questions made purpose of bid agreement unclear). Because we conclude that the parties' agreement was unenforceable, we need not address plaintiff's argument regarding the part performance exception to the Statute of Frauds.

In its fourth assignment, plaintiff argues that the trial court erred in granting summary judgment on its claim for breach of a joint venture agreement. It asserts that summary judgment was inappropriate, because the existence of a joint venture is a question of fact.

A joint venture is a partnership for a single transaction, and partnership law controls joint ventures. *Hayes v. Killinger,* 235 Or 465, 385 P2d 747 (1963); *Dority v. Driesel,* 75 Or App 180, 183, 706 P2d 995, *rev den* 300 Or 367 (1985). The essential test in determining the existence of a partnership is whether the parties intended to establish such a relationship. *Hayes v. Killinger, supra,* 235 Or at 471. Intent to form a partnership may be established by an express agreement or inferred from the conduct of the parties, including whether the parties shared profits, losses and control of the business. 235 Or at 471.

Plaintiff essentially argues that the oral agreement between it and defendants to "pool the parties['] assets to increase efficiency" shows an intent to form a joint venture. It relies on the unenforceable contract to establish the existence of the joint venture. That cannot be the basis of a

joint venture. The trial court did not err in granting summary judgment on plaintiff's claim for breach of a joint venture agreement.

In its fifth assignment, plaintiff argues that the trial court erred in granting summary judgment on its claim for fraud, because its right to rely on the oral bidding agreement is a question of fact. Plaintiff asserts that, "[i]f that agreement is legal, then plaintiff has the right to rely upon it and defendants have breached it by not conveying the property." Because the oral agreement to bid jointly is not enforceable, plaintiff had no right to rely on that agreement, and the trial court did not err in granting summary judgment on plaintiff's claim of fraud.

Affirmed.