Dennis LOGAN; Western Empires Corporation; Logan Farms, Inc., an Oregon corporation; Logan Farms II, LLC, an Oregon limited liability company; Logan International II, LLC, an Oregon limited liability company, Plaintiffs—Appellants,

v.

Frank TIEGS; Western Mortgage & Realty Company, a Washington corporation; Pasco Farming, Inc., a Washington corporation, Defendants—Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Oregon Potato Company, an Oregon corporation, Plaintiff— Appellee,

v.

Logan International II, LLC, an Oregon limited liability company; Logan Farms II, LLC, an Oregon limited liability company; Western Empires Corporation, an Oregon corporation, Defendants—Appellants,

v.

Dennis Logan; Logan International II, LLC, Third–party–plaintiffs— Appellants,

v.

Baker Produce, Inc.; Western Mortgage & Realty Company; Frank Tiegs, Third–party–defendants—Appellees.

Dennis Logan; Western Empires Corporation; Logan Farms, Inc., an Oregon corporation; Logan Farms II, LLC, an Oregon limited liability company; Logan International II, LLC, an Oregon limited liability company, Plaintiffs—Appellants,

v.

Frank Tiegs; Western Mortgage & Realty Company, a Washington corporation; Pasco Farming, Inc., a Washington corporation, Defendants—Appellees,

and

Hamilton Street Shipping Company, an Oregon corporation, Counter-defendant.

Oregon Potato Company, an Oregon corporation, Plaintiff— Appellee,

v.

Logan International II, LLC, an Oregon limited liability company; Logan Farms II, LLC, an Oregon limited liability company, Defendants,

and

Western Empires Corporation, an Oregon corporation, Defendant—Appellant,

v.

Dennis Logan, Third–party– plaintiff—Appellant,

and

Logan International II, LLC, Third-party-plaintiff,

v.

Baker Produce, Inc.; Western Mortgage & Realty Company; Frank Tiegs, Third–party–defendants—Appellees.

Oregon Potato Company, an Oregon corporation, Plaintiff—Appellee,

v.

Logan International II, LLC, an Oregon limited liability company; Logan Farms II, LLC, an Oregon limited liability company, Defendants—Appellants,

and

Western Empires Corporation, an Oregon corporation, Defendant,

v.

Dennis Logan; Logan International II, LLC, Third–party–plaintiffs—Appellants,

v.

Baker Produce, Inc.; Western Mortgage & Realty Company; Frank Tiegs, Third–party–defendants—Appellees.

Dennis Logan; Western Empires Corporation; Logan Farms, Inc., an Oregon corporation; Logan Farms II, LLC, an Oregon limited liability company; Logan International II, LLC, an Oregon limited liability company, Plaintiffs—Appellees,

v.

Frank Tiegs; Western Mortgage & Realty Company, a Washington corporation; Pasco Farming, Inc., a Washington corporation, Defendants—Appellants.

Nos. 05–35932, 05–35934, 05–36011, 05–36086, 06–35174, 06–35257.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Dec. 13, 2007.

As Amended on Denial of Rehearing Jan. 18, 2008.

W. Eugene Hallman, Esq., Hallman & Dretke, Pendleton, OR, Robert D. Newell, Esq., Davis Wright Tremaine, LLP, Portland, OR, for Plaintiffs–Appellees.

Timothy R. Volpert, Esq., Davis Wright Tremaine, LLP, Portland, OR, for Defendants–Appellants.

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Plaintiff Dennis Logan and Defendant Frank Tiegs are potato farmers, each of whom owned potato-farming businesses, potato-processing plants, and other entities. Logan's businesses—Logan Farms II, LLC; Logan International II, LLC ("LIL"); and Western Empires Corporation—were productive but cash poor, while Tiegs' businesses—Pasco Farming, Inc.; Oregon Potato Company ("Oregon Potato"); and Western Mortgage & Realty Company ("Western Mortgage")—had cash and were looking to expand.[1] Beginning in 1998, the parties were involved in a number of business transactions, including potato sales, farm leases, the sale of a processing plant, and the purchase of debt at discounted rates. These consolidated cases arise out of disputes concerning various of those transactions. The district court granted summary judgment on the claims now before this court, and both parties appeal.

We review de novo a grant of summary judgment. *Qwest Commc'ns Inc. v. City of Berkeley*, 433 F.3d 1253, 1256 (9th Cir. 2006). Likewise, we review de novo the district court's application of Oregon law in this diversity action. *Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005, 1010 (9th Cir.2004).

▮ 1. The district court did not abuse its discretion, *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n. 4 (9th Cir.2005), when it denied Defendants' motion to strike portions of affidavits by Dennis Logan and Jeffrey Ware, while disregarding inadmissible hearsay contained therein. The court permissibly held that the affidavits drew admissible inferences from facts personally known and were not "sham" affidavits. *See Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir.1975).

▮ 2. The district court properly held that Dennis Logan and Frank Tiegs did not enter into an overarching partnership or joint venture. *See Stone–Fox, Inc. v. Vandehey Dev. Co.*, 290 Or. 779, 626 P.2d 1365, 1368 (1981) (discussing definitions of partnership and joint venture). No defendant held an ownership interest, formal position, or title in any of the Logan companies. No property, equipment, or goods were co-owned. Although Dennis Logan testified that Frank Tiegs promised to share profits in the Frites program in 1998–99 and in the Mitsui discount, he admits that no profit-sharing or loss-sharing ever took place. Thus, the indicia of a partnership or joint venture are absent. *See Widmer Brewing Co. v. Rolph*, 128 Or.App. 666, 877 P.2d 112, 115 (1994) (discussing test for existence of such an arrangement).

▮ 3. The crop share lease between Western Mortgage and Western Empires and Logan Farms II was a contract. We affirm the district court's grant of summary judgment on Plaintiffs' claim for an accounting on the alternative ground that any breach has been cured. Plaintiffs assert a failure to keep accurate books but do not dispute Defendants' response that the missing accountings now have been supplied.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Although we occasionally refer to the various Logan parties as "Plaintiffs" and the various Tiegs parties as "Defendants" in this Memorandum for the sake of convenience, we do not intend that this shorthand be construed as acceptance of the Logan parties' argument that all of the Tiegs parties should be considered a single conflated party under any theory of common corporate control.

4. With respect to the Prudential credit transaction, we assume without deciding that an enforceable contract existed. Nonetheless, the district court properly granted summary judgment to Defendants on this claim because there is no evidence that Defendants' refusal to subordinate the liens was unreasonable.

■ 5. With respect to the Mitsui transaction, the following facts are undisputed on appeal: LIL owed Mitsui $3 million; Frank Tiegs encouraged LIL to default on the debt to create a more profitable bargaining position for Western Mortgage; Western Mortgage agreed to split the discount equally with LIL; LIL defaulted; Western Mortgage purchased the debt for $1 million (a discount of $2 million); the terms of the new debt between LIL and Western Mortgage were *not* negotiated; LIL tendered one payment of $20,000 to Western Mortgage, which Western Mortgage accepted; Western Mortgage told LIL, after the purchase, that the discount would be only a cash discount and gave LIL 30 days to pay the full $2 million; LIL made no further payments; and Western Mortgage considered LIL to have defaulted on the loan and considered LIL to owe the full $3 million. Because the parties exchanged promises for valuable consideration, they formed a contract, even though they disagree about one un-negotiated term, that is, how the discount would be applied. LIL introduced evidence supporting its interpretation of the unspecified term of the contract, including but not limited to the tender of a payment recalculated under LIL's understanding of the term. Accordingly, the district court erred in granting summary judgment to Defendants on this contract claim. As the district court noted, and as we agree, the disposition of the first, second, and tenth counterclaims depends on the disposition of the claim concerning the Mitsui discount; we therefore also reverse the grant of summary judgment on those counterclaims.

■ 6. With respect to Plaintiffs' tort claims, we note first that the applicable statute of limitations for tort claims is two years. Or.Rev.Stat. § 12.110(1). Plaintiffs filed their initial complaint on April 4, 2003. Accordingly, we examine Plaintiffs' claim of a "special relationship" for the period beginning April 4, 2001. Although the evidence tendered on summary judgment shows that Defendants enjoyed a superior economic bargaining position, there is no evidence that an ongoing "special relationship" existed during that period, within the meaning of Oregon law. *See Georgetown Realty, Inc. v. Home Ins. Co.,* 313 Or. 97, 831 P.2d 7, 9–14 (1992) (discussing types of relationships that give rise to special-relationship tort claims). We therefore affirm the district court's grant of summary judgment on Plaintiffs' tort claims based on an ongoing "special relationship."

■ 7. Under the reasoning of *Hampton Tree Farms, Inc. v. Jewett,* 320 Or. 599, 892 P.2d 683 (1995), a reasonable finder of fact could find that Frank Tiegs had agreed to act as an agent for LIL to sell its french fries, while traveling on a business trip for Oregon Potato, but that, when communicating with Doosan, Frank Tiegs instead expressed contempt for LIL, and that LIL lost sales as a result. The Awdry affidavit, which was contradicted but survived Defendants' motion to strike, creates an issue of fact that precludes granting summary judgment on the Doosan transaction. Therefore, the district court erred in granting summary judgment on this tort claim.

■ 8. With respect to the Aviko transaction, we assume without deciding that an agency relationship existed. But LIL's claim must fail because the state-

ment attributed to Frank Tiegs was true and known to all parties and thus cannot support a finding of breach of fiduciary duty. *See id.* at 693–94 (discussing fiduciary duties of an agent). Thus, the district court properly granted summary judgment on this claim.

9. The sixth claim for relief seeks declaratory relief concerning the L3 Farm, which Dennis Logan sold to Western Mortgage in April 2001 for $850,000. We reject Defendants' assertion that Plaintiffs have altered their argument on appeal, because that assertion is not borne out by the record. We also reject Defendants' laches argument because they did not preserve it in the district court. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n. 3 (9th Cir.2007). Although the L3 Farm deed is absolute on its face, under Oregon law if the parties' intent was to convey and receive the property as security instead, the true nature of the transaction may be shown by parol evidence. *Swenson v. Mills*, 198 Or.App. 236, 108 P.3d 77, 80 (2005). Several of the fact-intensive *Swenson* factors support Plaintiffs' theory, including but not limited to the agreement's inclusion of an option to repurchase, the seller's substantial debt, Western Mortgage's immediate lease-back, and the relatively low purchase price. Thus, the district court erred when it granted summary judgment to Defendants on the sixth claim for relief. As the district court noted, the third counterclaim depends on resolution of the main L3 Farm claim. We therefore also reverse the grant of summary judgment to Western Mortgage on the third counterclaim.

10. The eighth claim for relief asks for imposition of a constructive trust, under the criteria of *Hollen v. Fitzwater*, 125 Or.App. 288, 865 P.2d 1298, 1300 (1993). That request seeks a remedy but does not state a separate substantive claim for relief. *Brown v. Brown (In re Estate of Brown)*, 206 Or.App. 239, 136 P.3d 745, 752 (2006). Accordingly, the district court properly granted summary judgment on this claim. But the remedy sought is not necessarily foreclosed should a plaintiff prevail on a claim of breach of fiduciary duty.

11. The district court correctly granted summary judgment to Defendants on the fifth claim for relief under ORICO, Or.Rev.Stat. §§ 166.715–.735. The statute requires, among other things, that a plaintiff demonstrate a pattern of racketeering activity. *Kotera v. Daioh Int'l U.S.A. Corp.*, 179 Or.App. 253, 40 P.3d 506, 524 (2002). Even assuming that the evidence could support a finding that Defendants violated Or.Rev.Stat. § 165.042 with respect to the farmland mortgage, we agree with the district court that all of Plaintiffs' other allegations of criminal conduct do not raise a genuine issue of material fact. One alleged crime is not sufficient to support a pattern of racketeering. *See Kotera*, 40 P.3d at 528 (requiring two or more incidents of racketeering activity).

12. We have considered carefully the parties' arguments concerning the remaining counterclaims, not referred to specifically in the preceding paragraphs, and are not persuaded by them. We therefore affirm the grant of summary judgment with respect to those counterclaims.

13. We affirm the grant of summary judgment to Oregon Potato Company on its claims against LIL to collect on unpaid balances on sales of potatoes, for the reasons given by the district court.

In conclusion, in Nos. 05–35932 and 05–36011, we reverse the district court's grant of summary judgment on Plaintiffs' contract and duty of good faith claims (first and second claims), limited to the transaction concerning the Mitsui discount. We otherwise affirm the district court's grant of summary judgment on Plaintiffs' contract and duty of good faith claims. We

reverse the district court's grant of summary judgment on Plaintiffs' tort and duty of good faith claims (second and fourth claims), limited to the claim of breach of fiduciary duty concerning the Doosan sales pitch. We otherwise affirm the district court's grant of summary judgment on Plaintiffs' tort and duty of good faith claims. We reverse the district court's grant of summary judgment on Plaintiffs' claim for declaratory relief (sixth claim) concerning the L3 Farm transaction. We otherwise affirm the district court's grant of summary judgment on all other of Plaintiffs' claims in Nos. 05–35932 and 05–36011.

Concerning the counterclaims, we reverse only the district court's grant of summary judgment on those counterclaims dependent on the claims reversed above. Specifically, we reverse the district court's grant of summary judgment to Western Mortgage on its first, second, third, and tenth counterclaims. We otherwise affirm the district court's grant of summary judgment on all other Western Mortgage counterclaims. We also affirm the district court's grant of summary judgment on all of Frank Tiegs' and Pasco Farming's counterclaims.

In Nos. 05–35934, 05–36086, 06–35174, and 06–35257, we affirm the district court's grant of summary judgment on all claims.

**Nos. 05–35932 and 05–36011: AFFIRMED in part and REVERSED and REMANDED in part.** The parties shall bear their own costs on appeal.

**Nos. 05–35934, 05–36086, 06–35174, and 06–35257: AFFIRMED.**